**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**KEISHMER RIVERA-VALENTIN,**

      **Defendant.**

24-CR-88 JLS

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Keishmer Rivera-Valentin ("the defendant"), is charged with having violated Title 21 U.S.C. §§ 841(a)(1) and 856(a)(1) along with forfeiture allegations in Counts 1 and 2 of an indictment. Dkt. #s 4 and 5. He has filed a motion to suppress the use of certain evidence seized pursuant to search warrants issued on June 5, 2024 authorizing the search of his person, a residence located at 204 Geary Street, Buffalo, New York and a 2019 Dodge Ram vehicle. Dkt. #24. The government has filed its opposition to this motion (Dkt. #25) and the matter was taken under

advisement by this Court.

## FACTS

On June 5, 2024, the government presented an Application for Search Warrants authorizing a search of the person of the defendant, a search of premises located at 204 Geary Street, Buffalo, New York, the residence of the defendant, and a 2019 Dodge Ram automobile used by the defendant which Application was supported by an affidavit of Special Agent Ali of the F.B.I. consisting of 55 paragraphs in 26 typewritten pages.   24-MJ-29.

Searches of the defendant, the residence and the vehicle were conducted pursuant to three search warrants that were issued by this Court and evidence from such searches was seized.

## DISCUSSION AND ANALYSIS

A. The "Staleness" Issue

The defendant argues that "any evidence derived from the execution of [the warrants]" should be suppressed "because the affidavit upon which it was based fails to allege probable cause with information that is not stale" and that the information

2

relied on for the search warrants "is too remote in time to support probable cause that controlled substances would be found at the defendant's residence at the time of the search." Dkt. #24, p. 3.

In her affidavit of June 5, 2024, Special Agent Ali sets forth information that had been received from a confidential informant ("CI") starting in June of 2023. This CI advised that text messaging between the defendant and the CI was utilized for the purpose of arranging for the purchase and sale of cocaine and the CI provided the defendant's cell phone number to the investigators conducting an investigation of the defendant. During the period June through November of 2023, the CI made four (4) controlled purchases of cocaine from the defendant which transactions were recorded.

On March 27, 2024, the defendant was stopped by Erie County Sheriff's deputies while he was driving the 2019 Dodge Ram vehicle. A search of the vehicle at that time resulted in the finding of two baggies of cocaine, and after receiving *Miranda* warnings, the defendant admitted that the baggies of cocaine belonged to him.

As to each of the aforesaid controlled purchases, the defendant was first observed leaving his residence at 204 Geary Street, Buffalo, New York and driving to a pre-arranged meeting place with the CI in the 2019 Dodge Ram vehicle for purposes of completing an illegal transaction with the CI.

The CI also advised the law enforcement agents that he/she observed the defendant making drug transactions with other persons.

This Court found that the circumstances described in Special Agent Ali's affidavit were not "isolated instances of illegal acts," but rather, they presented a "picture of continuing conduct or an ongoing activity" involving the illegal distribution of drugs when it issued the search warrants at issue and repeats that finding herein. As a result, the argument put forth by the defendant as to staleness is rejected as being without merit legally. As the Court of Appeals for the Second Circuit has stated:

> In determining whether probable cause exists, the magistrate is required to assess whether the information adduced in the application appears to be current, *i.e.*, true at the time of the application, or whether instead it has become stale.
>
> [T]he principal factors in assessing whether or not the supporting facts have become stale are the age of those facts and the nature of the conduct alleged to have violated the law. Where the supporting affidavits present a picture of continuing conduct or an ongoing activity, as contrasted with isolated instances of illegal acts, the passage of time between the last described act and the presentation of the application becomes less significant.
>
> *United States v. Martino*, 664 F.2d 860, 867 (2d Cir. 1981), *cert. denied*, 458 U.S. 1110, 73 L.Ed. 1373, 102 S.Ct. 3493 (1982). In investigations of ongoing narcotics operations, we have held that intervals of weeks or months between the last described act and the application for a warrant did not necessarily make the information stale. See, e.g., id. (22

4

>days); United States v. Fama, 758 F.2d 834, 838 (2d
>Cir.1985) (5 weeks); United States v. Rowell, 903 F.2d 899,
>903 (2d Cir.1990) (18 months).

*Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

### B.   Defendant's Lack of Standing

The government asserts that the defendant has failed to establish a reasonable expectation of privacy in the premises at 204 Geary Street and the Dodge Ram vehicle since he "has not submitted an affidavit in support of his motion to suppress from himself or a person with personal knowledge."   Dkt. #25.

The attorney for the defendant has submitted an "Affirmation" on behalf of the defendant in support of the motion to suppress.   Dkt. #24.   This Affirmation consists primarily of legal arguments based on the attorney's review of the affidavit of Special Agent Ali utilized by the government in obtaining the search warrants at issue herein.

The law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of an affidavit or testimony from the defendant or someone with personal knowledge.   *United States v. Montoya-Eschevarria*, 892 F. Supp 104, 106 (S.D.N.Y. 1995).   Since the defendant has not submitted an affidavit, the Affirmation of defense counsel is insufficient to establish or warrant the need for an

5

evidentiary hearing regarding the search of the premises located at 204 Geary Street, Buffalo, New York and the search of the Dodge Ram vehicle.

## **CONCLUSION**

Based on the foregoing, it is recommended that the defendant's motion to suppress the use of evidence seized pursuant to the search warrants of June 5, 2024 be denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   Buffalo, New York
             January 7, 2025

                                            *S/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**